## W. B. MOHLER v. HARRY GOLDFISH AND ANOTHER.[1]

December 22, 1922.

No. 23,130.

**When verdict cannot be questioned.**

Court charged the jury that plaintiff was entitled to a verdict if he had not been paid in full, and that defendants were entitled to one if he had been paid. Where no objection is taken to the charge, it becomes the law of the case and defendants cannot complain of a verdict in accordance therewith. [Reporter.]

Action in the municipal court of Minneapolis to recover $297.84 commission for selling goods. The case was tried before Reed, J., and a jury which returned a verdict in favor of plaintiff. From an order denying their motion for a new trial, defendants appealed. Affirmed.

*A. H. Karatz*, for appellants.

*Iver C. Nelson*, for respondent.

PER CURIAM.

Plaintiff had been engaged in selling goods for defendants on commission for some two years. He claimed that he had earned commissions in the sum of $297.84 which he had not received, and brought suit therefor. Defendants claimed that all commissions earned had been paid in full.

It appears that, at the end of each month during the period covering the transactions in controversy, defendants furnished plaintiff a statement showing the commissions credited to him during the month and gave him a check for the amount thereof less the advances previously made. Plaintiff claimed that the amount credited to him on certain specified orders was only a part of the commission to which he was entitled thereon, while defendants claimed that it was the full amount of such commission. The court directed the jury to return a verdict for plaintiff for the balance due, if they found he had not been paid in full, and to return a verdict for defendants if they found "that the plaintiff has been paid in full; that at the end of each month he received a statement and check for the services performed that month, and he accepted that in full payment of the services for that month."

The jury returned a verdict for plaintiff, and defendants appeal from an order denying a new trial.

[1] Reported in 191 N. W. 44.

Defendants now contend that, as plaintitff received and retained the statements and the checks without questioning their correctness, the statements became accounts stated, and that defendant is concluded by them as a matter of law. Defendants did not plead an account stated, but merely pleaded payment in full. They made no objection to the manner in which the case was submitted to the jury, and took no exception to the charge at the trial, and assign no errors in respect to it in this court. Under it plaintiff was entitled to recover the balance due, if any, unless the jury found as a fact that he had accepted the checks as payment in full. No objection having been made to it, the charge became, and is, the law of the case, and defendants are not in position to complain of a verdict in accordance therewith. 3 Dunnell, Minn. Dig. § 9792, and cases cited there.

Order affirmed.